# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| MORRIS JERMAINE THOMAS, | : | |
| Plaintiff, | : | |
| vs. | : | CA 20-0302-JB-MU |
| CYNTHIA STEWART, | : | |
| Defendant. | | |

## **REPORT AND RECOMMENDATION**

This prisoner action has been referred to the undersigned, in accordance with 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(R), for appropriate action. For the reasons stated, it is recommended that the Court dismiss this action, without prejudice, based upon Morris Jermaine Thomas' failure to prosecute and comply with the Court's order entered April 5, 2022 (Doc. 47).

On June 33, 2018, Morris Jermaine Thomas filed a § 1983 complaint in this Court. (Doc. 1). He later amended his complaint on February 4, 2021 (Doc. 24), in response to an earlier-filed motion for summary judgment (*see* Doc. 21; *compare id. with* Docs. 19-20). The earlier-filed motion for summary judgment was granted in part and denied in part, the denial in part being based on the newly-pled facts in Plaintiff's amended complaint. (*See* Docs. 25 & 27). On June 10, 2021, the Court instructed the Defendant to file an Answer and Special Report directed to the Amended Complaint. (*See* Doc. 30). The Answer and Special Report were filed on November 30, 2021 (Docs. 41-42). After receiving certain redacted information upon which the Defendant's Answer and Special Report were based (*see* Doc. 46), the undersigned issued an

Order, on April 5, 2022, converting the Defendant's answer and special report into a motion for summary judgment and directing Thomas to notify the Court by May 6, 2022, whether he desired to continue with the litigation of this action (Doc. 47, PageID. 175). Thomas has not responded to the Court's Order nor has that document been returned to this Court as undeliverable. (*See* Docket Sheet). Thomas was specifically warned that any "[f]ailure to respond by the above-stated date will be considered by the Court as an abandonment of the prosecution of this case by plaintiff and this case will be dismissed." (Doc. 47, PageID. 175). The Court construes the lack of a response by Thomas as an indication that Plaintiff is no longer interested in proceeding with this action.

An action may be dismissed if a plaintiff fails to prosecute it or if he fails to comply with any court order. Fed.R.Civ.P. 41(b); *see also Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-631, 82 S.Ct. 1386, 1388-1389, 8 L.Ed.2d 734 (1962) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute); *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (recognizing a district court's inherent power to enforce orders and provide for the efficient disposition of litigation), *cert. denied,* 549 U.S. 1228, 127 S.Ct. 1300, 167 L.Ed.2d 113 (2007); *Wilson v. Sargent,* 313 F.3d 1315, 1331-32 & n.7 (11th Cir. 2002) (holding that a prisoner's failure to pay the partial filing fee under § 1915 is a basis for dismissal); *World Thrust Films, Inc. v. International Family Entertainment, Inc*., 41 F.3d 1454, 1456 (11th Cir. 1995) ("'A district court has authority under Federal Rule[] of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules.'").

Thomas has not responded to the Court's Order entered April 5, 2022, instructing him to inform this Court whether he desired to continue with the prosecution of this action (and to file his response to Defendant's motion for summary judgment) by not later than May 6, 2022. (*Compare* Docket Sheet *with* Doc. 47). Therefore, it is recommended that Thomas' action be **DISMISSED WITHOUT PREJUDICE**, pursuant to Fed.R.Civ.P. 41(b), due to his failure to prosecute this action by complying with this Court's lawful order entered April 5, 2022.

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is

found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      **DONE** this the 16th day of May, 2022.

                                  s/P. Bradley Murray  
                                **UNITED STATES MAGISTRATE JUDGE**